Vermont Superior Court
Filed 02/17/21
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 299-9-20 Wncv

| Intralot, Inc. vs. Vermont Department of Buildings |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion to Reconsider MotionName          for Reconsideration
Motion#          9 (Motion: )
Filer:          Bartholomew J. Gengler
Filed Date:          October 30, 2020

The motion is GRANTED.

The State's Supplemental Motion to Dismiss and to Reconsider

This case arises out of the most recent competitive procurement process by Vermont's Office of Purchasing and Contracting (OPC) designed to select the next contractor responsible for providing lottery services in Vermont.  The contract is valuable and long in duration (an initial 10-year term is contemplated).  Before the court is the State's "supplemental" motion to dismiss and to reconsider the partial denial of its original motion to dismiss.  The supplemental motion follows a material change in the underlying facts occurring after this case had begun and the original motion had been filed: the disqualification of Intralot's bid.

OPC issued the relevant request for proposals (RFP) in 2020.  Before any bids had been submitted, Petitioner Intralot Inc., the incumbent contractor, filed this suit against the State claiming, among other things, that the terms of the RFP were intentionally drafted to make the procurement process unfair to it and to favor a specific other anticipated bidder.[1]  It asserted both nonconstitutional claims and that the RFP violated its state and federal equal protection rights.

The State filed a motion to dismiss arguing, among other things, that Intralot lacked standing in this case altogether, had failed to exhaust its administrative remedies, and had failed to state a claim.

---

[1] As things turned out, Intralot's speculation that a bidder for whom an OPC consultant had worked many years earlier had been pre-selected to win lacked prescience.  OPC has since indicated its intent to award the contract to an unrelated bidder.

Before the dismissal briefing was complete, OPC disqualified Intralot's bid, finding that the litigation bond it had submitted materially failed to comply with the terms of the RFP. The RFP's litigation bond requirement is *not* one of the RFP provisions challenged in this case. In response to that factual development, and with dismissal briefing underway, the State proposed to submit new arguments in support of dismissal incorporating this new fact for the first time in its reply brief. The court did not permit that because it would have deprived Intralot of a fair opportunity to respond.

The court went on to consider the State's motion, disregarding the fact of Intralot's disqualification. It declined to conclude—on the record then presented—that Intralot lacked standing or had failed to exhaust. Regarding standing, it held that the record, as it then appeared, did not clearly distinguish the State's "search for a legally protected interest" on which to predicate an injury from the improper use of standing principles to address a cause of action deficiency. It dismissed Intralot's nonconstitutional claims entirely. It did not dismiss the equal protection claims, the only claims then surviving, concluding that they were the sort of "novel or extreme" claims that Rule 12(b)(6) permits.

Intralot then directly challenged the disqualification decision in a separate case (No. 339-10-20 Wncv). In a decision issued earlier, the court disposed of that case in the State's favor. In short, the court ruled that the mandamus relief that Intralot had been seeking is not available to disturb the disqualification decision. It is thus now clear that Intralot has been disqualified and no longer has any cognizable interest in the procurement process that has given rise to all this litigation.

In the motion to dismiss under consideration here, the State cogently argues that, since Intralot has been disqualified, this case is moot and, if there ever was an injury that could support standing, there no longer is. The State also asks the court to revisit several of its rulings from the original dismissal decision.

Intralot's constitutional claim, whether framed under the Equal Protection Clause or the Common Benefits Clause, essentially is as follows. Intralot claims to enjoy some right to compete fairly for the State's business without being maliciously singled out by the State and prevented from doing so. In this case, Intralot alleges, OPC did just that: it drafted the RFP so that it is facially neutral towards potential bidders but really was carefully crafted to leave Intralot no realistic chance of success. It did this by incorporating arbitrary and capricious terms of no rational benefit to the State other than to diminish Intralot's scoring. The court understands the State to argue that a bidder in such circumstances can *never* have standing to advance such a claim and that such a claim can *never* survive Vermont's Rule 12(b)(6) standard.

As advanced by Intralot, its claim was a bit of a moonshot from the start. It insisted that its constitutional claim stands independent of the actual outcome of the procurement process, that the

contract could rightfully be awarded to another bidder without diminishing the propriety of its constitutional claim. In other words, it has been seeking to vindicate a claimed *prospective* right to fair competition divorced from the substance of the purchasing decision being contemplated by the State, and yet it has never sought damages—it has always sought prospective relief only (an injunction requiring OPC to change the terms of the RFP). Such a claim is highly abstract, maybe impossibly so for standing purposes. Nevertheless, when the State's original motion was filed, Intralot was an actual bidder with an obvious interest in the terms of the RFP for an ongoing procurement process and at least had some prospect of being awarded the contract.

The circumstances then changed materially. Following disqualification, Intralot is no bidder at all. Whatever its prospects for winning the contract may have been at the beginning of this case, they are now zilch. Intralot has become a mere bystander complaining about the terms of a procurement process in which it cannot participate.

In light of Intralot's disqualification, the State has briefed both standing and mootness. The court sees no need to revisit its original standing decision and believes that the mootness doctrine sufficiently addresses the current circumstances. See 13B Wright & Miller et al., Federal Practice & Procedure.: Juris. 3d § 3531.12 ("Standing . . . focuses directly on the question whether a particular interest or injury is adequate to invoke the protection of judicial decision. Ripeness and mootness easily could be seen as the time dimensions of standing."). It is not clear that there is any material difference between standing and mootness in these circumstances, but there is no need to conduct a separate standing analysis now. See *id*. ("Mootness blends into standing—standing at the beginning of an action does not escape mootness arising later.").

As the Vermont Supreme Court has described:

> A case becomes moot—and this Court loses jurisdiction—when there no longer is an actual controversy or the litigants no longer have a legally cognizable interest in the outcome of the case. Stated another way, a case becomes moot when this Court "can no longer grant effective relief." Importantly, even if a case was not moot when it was first filed, intervening events since its filing can render it moot.

*Paige v. State*, 2017 VT 54, ¶ 7, 205 Vt. 287. Intralot's disqualification from the procurement process—based on its failure to comply with an RFP provision having nothing to do with this case—renders it a non-bidder. As a non-bidder, it could not possibly have any legally cognizable interest—certainly none that the court is prepared to recognize—in the now-completely abstract claims it has asserted in this case.

Mootness requires dismissal.  There is no need to address the State's reconsideration motion.

## Order

For the foregoing reasons, the State's supplemental motion to dismiss is granted.  The State's motion for reconsideration is moot.  The State shall submit a form of judgment.  V.R.C.P. 58(d).

So Ordered.

Robert R. Bent,
   Judge